FILED
 2017 Feb-14 PM 01:59
 U.S. DISTRICT COURT
 N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **DAWN ARLITA HARRIS,** | ) |
| **Claimant,** | ) ) ) |
| vs. | ) ) Case No. 2:16-cv-1066-CLS |
| **NANCY A. BERRYHILL, Acting Commissioner, Social Security Administration,** | ) ) ) ) ) |
| **Defendant.** | ) |

## MEMORANDUM OPINION AND ORDER OF REMAND

Claimant, Dawn Arlita Harris, commenced this action on June 30, 2016, pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner, affirming the decision of the Administrative Law Judge ("ALJ"), and thereby denying her claim for a period of disability, disability insurance, and supplemental security income benefits.

The court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of review is limited to determining whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and whether correct legal standards were applied. *See Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Tieniber v. Heckler*, 720 F.2d 1251, 1253 (11th Cir. 1983).

Claimant contends that the Commissioner's decision is neither supported by substantial evidence nor in accordance with applicable legal standards. Specifically, claimant asserts that the ALJ failed to consider her carpal tunnel syndrome and lumbar degenerative disc disease with pain syndrome to be severe impairments, and that he failed to properly consider all of her impairments. Upon review of the record, the court concludes that these contentions have merit, and this matter should be remanded to the Commissioner for further review.

The ALJ found that claimant had only one severe impairment: mood disorder/mild depression.[1] Claimant asserts that the ALJ also should have classified her carpal tunnel syndrome and lumbar degenerative disc disease with pain syndrome as severe impairments. Social Security regulations define a "severe" impairment as one that "significantly limits [a claimant's] physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1520(c), 416.920(c) (alteration supplied). "An impairment can be considered as not severe only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience." *Brady v. Heckler,* 724 F.2d. 914, 920 (11th Cir. 1984).

This court does not need to reach the decision of whether claimant's carpal tunnel syndrome and degenerative disc disease should have been classified as severe

---

[1] Tr. 14.

2

impairments. As the Eleventh Circuit explained in *Medina v. Social Security Administration*, 636 F. App'x 490 (11th Cir. 2016):

> Step two of the [five-step process for adjudicating Social Security claims, during which the Commissioner must determine whether the claimant has a severe impairment] merely "acts as a filter" *Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987). In other words, "if no severe impairment is shown the claim is denied, but the finding of any severe impairment, whether or not it qualifies as a disability and whether or not it results from a single severe impairment or a combination of impairments that together qualify as severe, is enough" to proceed with the rest of the five-step analysis. *Id*. Thus, even if [the claimant's] other conditions should have been categorized as severe impairments, any error was harmless because the ALJ determined that her obesity and "thyroid cancer status post total thyroidectomy" were severe impairments, allowing him to move onto step three of the test. *See Diorio v. Heckler*, 721 F.2d 726, 728 (11th Cir. 1983) (holding that the complained-of error was harmless because it did not impact the step being challenged); *see also* 20 C.F.R. § 404.1520(a)(4).

*Medina*, 636 F. App'x at 492-93 (alterations supplied). In the present case, the ALJ found that claimant suffered from other severe impairments and then proceeded to the next step of the sequential analysis. Accordingly, even if the failure to also classify carpal tunnel syndrome and degenerative disc disease as "severe" was in error, such an error would have been harmless.

Claimant also asserts that the ALJ failed to consider her carpal tunnel syndrome and disc disease at steps three, four, and five of the sequential process, when determining whether she met a Listing, whether she could return to her past relevant work, and whether she could perform other work existing in significant

3

numbers in the national economy. Social Security regulations state the following with regard to the Commissioner's duty in evaluating multiple impairments:

> In determining whether your physical or mental impairment or impairments are of a sufficient medical severity that such impairment or impairments could be the basis of eligibility under the law, we will consider the combined effect of all of your impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity.  If we do find a medically severe combination of impairments, the combined impact of the impairments will be considered throughout the disability determination process.  If we do not find that you have a medically severe combination of impairments, we will determine that you are not disabled.

20 C.F.R. § 404.1523.  *See also* 20 C.F.R.  §§ 404.1545(e), 416.945(e) (stating that, when the claimant has any severe impairment, the ALJ is required to assess the limiting effects of *all* of the claimant's impairments — including those that are not severe — in determining the claimant's residual functional capacity).

Here, the ALJ thoroughly discussed claimant's lumbar degenerative disc disease with pain syndrome,[2] but he barely acknowledged claimant's carpal tunnel syndrome. Claimant mentioned carpal tunnel syndrome and problems with her hands several times in her disability application paperwork.[3] She also testified during the administrative hearing that her bilateral carpal tunnel syndrome caused pain, numbness, and swelling, and it prevented her from performing activities like opening

---

[2] *See* Tr. 15-17, 20-22.

[3] Tr. 352, 363-64, 379-81.

jars and bottles, gripping items, and buttoning a shirt. She wore hand splints and stated that her doctors had recommended surgery, but she could not afford it.[4] Moreover, claimant's treating physician diagnosed her with bilateral carpal tunnel syndrome,[5] and an orthopedic specialist confirmed the diagnosis after a nerve conduction study.[6] Of course, a diagnosis does not necessarily mean a significant functional limitation, but here, it cannot be determined whether the ALJ actually evaluated the functional effects of claimant's carpal tunnel syndrome. The ALJ acknowledged that, during the administrative hearing, claimant "indicated she had difficulty with her hands . . . .,"[7] and he summarily stated that "[t]he physical findings in the record do not establish the existence of . . . carpal tunnel symptoms . . . indicative of protracted pain of the intensity, frequency, and severity alleged" by plaintiff.[8] Even so, there was no discussion of the medical records relating to claimant's carpal tunnel syndrome, and no explanation of why the record findings did not support the alleged severity of her symptoms. Therefore, it cannot be determined from the current record whether the ALJ adequately considered the effect of claimant's carpal syndrome in determining her residual functional capacity to perform

---

[4] Tr. 40-42.
[5] *See* Tr. 565, 561, 575, 579-80.
[6] Tr. 708, 807-08, 811-13.
[7] Tr. 20.
[8] Tr. 16 (alteration and ellipses supplied).

a *full* range of work at *all* exertional levels.[9]  Remand is warranted to correct that deficiency.  *See Williams v. Barnhart*, 186 F. Supp. 2d 1192, 1198 (M.D. Ala. 2002) ("Notwithstanding the diagnoses and objective evidence supporting the claimant's other impairments, the ALJ made no express determination as to the severity of the claimant's coronary disease, asthma, glaucoma, or obesity.  Nor does the decision reveal the extent to which the ALJ evaluated those symptoms or impairments beyond step two of the sequential evaluation process.  Accordingly, the ALJ's failure to consider or even address these impairments as a part of his determination of severity was reversible error."); *Wuerth v. Astrue*, No. 806-CV-1353-T-30TBM, 2008 WL 680211, at *5 (M.D. Fla. Mar. 7, 2008) (finding that "remand is warranted because it is not possible to ascertain whether the ALJ considered each of Plaintiff's impairments").

Based on the foregoing, the decision of the Commissioner is reversed, and this action is REMANDED to the Commissioner of the Social Security Administration for further findings on the effect of claimant's carpal tunnel syndrome on her ability to perform work-related activities, and for other proceedings consistent with this memorandum opinion and order.

---

[9] *See* Tr. 20 ("I find that the claimant has the residual functional capacity to perform [a] full-range of work at all exertional levels as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b) except she can frequently interaction [*sic*] with the public, co-workers, and supervisors.  She can perform simple, repetitive tasks.") (alterations supplied).

The Clerk of Court is directed to close this file.

DONE this 14th day of February, 2017.

_____
United States District Judge